865 F.2d 257
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Roy Wayne DEAN, Petitioner-Appellant,
v.
Bill SEABOLD, Warden, Kentucky State Penitentiary; David
Armstrong, Kentucky Attorney General, Respondents-Appellees.
 No. 88-5463.
 United States Court of Appeals, Sixth Circuit.
 Dec. 7, 1988.
 
 Before BOYCE F. MARTIN, Jr., NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 This Kentucky state prisoner, through counsel, appeals the judgment of the district court denying his petition for a writ of habeas corpus under 28 U.S.C. Sec. 2254. Dean is a death row inmate in Kentucky. Tennessee filed a detainer with Kentucky authorities, seeking to transfer Dean for trial on charges of first degree murder. A Kentucky district court ordered that Dean could not be transferred under the Interstate Agreement on Detainers ("IAD"), but that his transfer could be sought pursuant to the Uniform Criminal Extradition Act ("Act"). When Tennessee pursued this course, Dean sought relief through a habeas corpus petition.
 
 
 3
 Dean essentially alleges that, because he is mentally ill and the IAD does not apply to mentally ill persons, his transfer under the Act would be contrary to due process, equal protection, and statutory construction.
 
 
 4
 Upon consideration, we affirm the district court's denial of this petition. Dean has not stated a claim cognizable in habeas review of extradition proceedings. The only issues open to judicial review in such a case are: 1) whether the extradition documents are in order, 2) whether the petitioner has been charged with a crime in the demanding state, 3) whether the petitioner is the person named, and 4) whether the petitioner is a fugitive. Puerto Rico v. Branstad, 107 S.Ct. 2802 (1987); California v. Superior Court of California, 108 S.Ct. 2433, 2438-2439 (1987); Michigan v. Doran, 439 U.S. 282, 289 (1978). Petitioner's reliance on Cuyler v. Adams, 449 U.S. 433 (1981), is misplaced, as that case construed the IAD to include the right to a hearing as provided by the Act. Conversely, the Act contains no provision which could be construed to confer any rights under the IAD.
 
 
 5
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.